MATTER OF NAPELLO

In VISA PETITION Proceedings

A-12363457

*Decided by Board September 27, 1963*

A marriage by proxy in Mexico, following a divorce obtained *in absentia* in Mexico to terminate a prior marriage, is not valid under the immigration laws and will not sustain a visa petition to accord nonquota status on behalf of the second spouse.

The petitioner filed a visa petition to obtain nonquota status for the beneficiary as his spouse, and on May 11, 1962 the petition was approved by the District Director of the Service in New York City. On November 23, 1962 the petitioner was informed of the intention of the Service to revoke approval of the petition, and on February 1, 1963 an order of revocation was entered. The case is before us on the petitioner's appeal from that decision.

The petitioner has established that he is a native-born citizen of the United States. He was first married to Amelia Casalone on September 24, 1950 at New York City, New York. On April 30, 1960 he obtained a divorce from her in a Mexican court. The petitioner and his first wife were not in Mexico at that time. On April 19, 1962 the petitioner married the beneficiary at Washington, D.C. After the Service informed the petitioner concerning the intention to revoke the approval of the visa petition, the petitioner and the beneficiary were married by proxy in Mexico on January 16, 1963. The sole issue to be determined is whether the beneficiary is the spouse of the petitioner as required by section 101(a)(27)(A) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(27)(A)).

We have carefully reviewed the entire record. On January 31, 1963 the petitioner wrote to the District Director of the Service enclosing a certificate concerning the Mexican marriage on January 16, 1963. This evidence was not before the District Director at the time his decision of February 1, 1963 was rendered. However, we have given consideration to that marriage and to the petitioner's letter addressed to this Board on June 15, 1963 enclosing a photostatic copy of the original Mexican marriage certificate of January 16, 1963.

The petitioner no longer relies on his marriage to the beneficiary at Washington, D.C. on April 19, 1962 but instead on the proxy marriage in Mexico on January 16, 1963. He has stated that the marriage has been consummated. He contends that the validity of his marriage is to be determined by the law of the place where it was contracted; that his proxy marriage in Mexico is valid in that country; and that a marriage that is valid where contracted is valid everywhere unless contrary to public policy.

The controlling decision concerning Mexican divorces is *Matter of P—*, 4 I. & N. Dec. 610, decided by the Acting Attorney General on March 18, 1952. In that case, the Acting Attorney General had stated that the rule to be applied was: "that the validity of a marriage is governed by the law of the place of celebration." There, the parties to a marriage mutually agreed that it should be terminated; and the wife went to Mexico for the purpose of instituting divorce proceedings after which she returned to the United States. The Mexican divorce was granted in 1947 and a few days thereafter the woman remarried. In 1951, the man was married in Germany and subsequently filed a visa petition for his wife. He was in the armed forces of the United States and his superior officers had advised him that the Mexican divorce was legal. We ascertained that Mexican divorce decrees had apparently been accepted as valid by German authorities. Under the circumstances, we held that the validity of that petitioner's marriage in Germany should be recognized.

The case of this petitioner presents an entirely different factual situation. In *Matter of P—*, *supra*, the parties had mutually agreed that the marriage should be terminated, and we stated that we were impressed with the evident good faith of the parties. In the case before us, it is not clear that the first wife had any actual knowledge concerning the institution of the Mexican divorce proceeding. As indicated in the District Director's order of February 1, 1963, it appears that, by reason of the Mexican divorce, the petitioner's subsequent marriage to the beneficiary at Washington, D.C., is not recognized as valid in the District of Columbia. We believe it is obvious that *Matter of P—* does not sanction such a procedure as was resorted to in this case, that is, the expedient of a proxy marriage in Mexico for the purpose of curing a marriage which was invalid under the laws of the District of Columbia. Accordingly, we hold that the petitioner has not established that the beneficiary is his lawful spouse within the meaning of 8 U.S.C. 1101(a)(27)(A). It follows that the action of the District Director in revoking approval of the visa petition was correct, and the appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.